IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNELL COLEMAN, ) | |
| ) | Civil Action No. |
|   Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| BRONNER BROS., INC. ) | |
| ) | |
|   Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Lynell Coleman (hereinafter "Plaintiff"), and files this lawsuit against Defendant Bronner Bros., Inc. (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated damages, and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA"), during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343(4), and 29 U.S.C. § 216(b).

4.

Defendant is a Georgia corporation, and the unlawful employment practices described herein occurred at 2141 Powers Ferry Road, Marietta, GA 30067. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391, 29 U.S.C. § 216(b), and LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a citizen of the United States of America and resident of the State of Georgia.

6.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under 29 U.S.C. § 203(e).

7.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

8.

During her employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

9.

Defendant is a private domestic corporation that is registered in Georgia and is entitled to do business in Georgia.  Among other things, Defendant is a manufacturer and distributor of hair and skin products.

10.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).  Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and 207.

11.

Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 USC § 203(r) and (s).

12.

Defendant's gross revenues exceed $500,000 per year.

13.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

14.

Defendant has employees that produce hair and skin products, which Defendant distributes to clients located inside and outside of the state of Georgia.

15.

Defendant may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, James W. Heaton, Esq., 200 Galleria Parkway, S.E., Suite 500, Atlanta, Georgia 30339.

## IV. Facts

16.

Plaintiff worked for Defendant from May 13, 2010, through October 17, 2011, as a Customer Service/Inside Sales Representative.

17.

As a Customer Service/Inside Sales Representative, Plaintiff made cold calls to hair salons and beauty supply stores from Defendant's office. Plaintiff sold Defendant's products, including event tickets, to these salons and stores.

18.

Plaintiff was not responsible for hiring and firing.

19.

Plaintiff did not perform any primary duties in which she exercised independent discretion and judgment with respect to matters of significance.

20.

Defendant paid Plaintiff an hourly rate of $10 per hour, plus commissions.

21.

Plaintiff regularly worked over 40 hours per week for nearly every week of her employment with Defendant.

22.

During Plaintiff's employment with Defendant, Plaintiff worked approximately at least nine (9) overtime hours per workweek but at times worked significantly more overtime hours per workweek.

23.

Plaintiff consistently worked through her lunch breaks and late in the day.

24.

Defendant knew that Plaintiff consistently worked more than forty (40) hours in a workweek.

25.

Specifically, Mr. Jerry Dingle, Vice President of Professional Sales and Marketing, often pressured Plaintiff and other Sales Representatives to work longer hours in order to increase sales numbers. On numerous occasions, Mr. Dingle specifically required Plaintiff to stay at work longer to complete certain orders before the morning.

26.

Mr. Jerome Perdue, Manager, was also aware that Plaintiff worked more than forty (40) hours in a workweek.

27.

More particularly, Mr. Perdue saw Plaintiff work during her lunch breaks. Furthermore, whenever Plaintiff worked late, either she would call Mr. Perdue to let him know or Mr. Perdue would call Plaintiff at the office to make sure that she was okay.

28.

During Plaintiff's employment with Defendant, on the occasions that Plaintiff worked over forty (40) hours in a workweek, Defendant did not pay her time and a half of her regular rate of pay (based on total remuneration, including hourly-rate wages and commissions), for all hours that Plaintiff worked over forty (40) in a workweek.

## V. Violation of the Overtime Wage Requirement of the FLSA

29.

Plaintiff performed non-exempt labor for Defendant within the last three years.

30.

During Plaintiff's employment, from May 13, 2010, through October 17, 2011, Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week and failed to compensate her for hours worked in excess of forty (40) hours per week at a rate of at least one and one half times her regular rate of pay.

31.

Defendant has violated the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

32.

Defendant's actions, polices and/or practices violate the FLSA's overtime requirement in that Defendant regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

33.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

34.

Defendant failed to accurately report, record and/or preserve records of all hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to Plaintiff that are sufficient to determine her wages, hours and other conditions and practices of employment, in violation of the FLSA.

35.

Defendant's conduct was willful and in bad faith.

36.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d) and 207; liquidated damages as provided by the FLSA, 29 U.S.C. §216; pre-judgment interest on unpaid wages pursuant to the FLSA, 29 U.S.C. §216; court costs, expert witness fees, and reasonable attorneys' fees, as provided by the FLSA, 29 U.S.C. § 216; and all other remedies allowed under the FLSA;

(C)  Grant declaratory judgment declaring that Defendant has violated Plaintiff's statutory rights; and

(D)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 11<u>th</u> day of June, 2012.

             **BARRETT & FARAHANY, LLP**

              s/ Michael W. Cohen
             Michael W. Cohen
             Georgia Bar No. 274813
             Amanda A. Farahany
             Georgia Bar No. 646135
             Benjamin F. Barrett
             Georgia Bar No. 039586

             Attorneys for Lynell Coleman

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.

s/ Michael W. Cohen
Michael W. Cohen
Georgia Bar No. 274813
