IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNELL COLEMAN, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | 1:12-CV-02008-WBH |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BRONNER BROS., INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**JOINT MOTION FOR APROVAL OF SETTLEMENT AGREEMENT
AND STIPULATION OF DISMISSAL WITH PREJUDICE**

**COMES NOW,** Plaintiff Lynell Coleman (hereinafter "Plaintiff") and Defendant Bronner Bros., Inc. (hereinafter "Defendant") (hereinafter collectively the "Parties"), by and through the undersigned counsel, and hereby jointly request that this Court approve the Parties' settlement of the above-captioned matter. Because Plaintiff's action and claims arise, in part, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"), the Parties' settlement must be approved by this Court and said approval must be entered as a stipulated final judgment.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees.

1

First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement.  *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the

> District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, Defendant, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues including, but not limited to, whether Plaintiff was an exempt employee for purposes of the FLSA, and which method of calculating overtime pay is most appropriate. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and her counsel discussed the Plaintiff's alleged overtime hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent valuations of the case. The Parties, through their attorneys, and with the assistance of a mediator, voluntarily agreed to the terms of their settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Plaintiff

and a representative of Defendant have all signed the Settlement Agreement and Release setting forth the terms of the settlement.

Because the Parties have agreed to keep the terms of the Settlement Agreement and Release confidential, the Parties, rather than file the document, will submit a copy of the Settlement Agreement and Release directly to chambers for the Court's consideration, along with a courtesy copy of this Motion and a memorandum setting forth in detail how the settlement was reached. The Parties believe these submissions will provide the Court sufficient information to assess the fairness of the settlement. However, should the Court require the Parties to provide additional information or take additional action, the Parties stand ready to do so.

For the forgoing reasons, the Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and enter the jointly stipulated dismissal of the instant action with prejudice.

Respectfully submitted this 14th day of July, 2014.

| **BARRETT & FARAHANY, LLP** | **FORD & HARRISON, LLP** |
|---|---|
| s/Elizabeth L. Brown | s/Christopher P. Butler* |
| Elizabeth L. Brown | Christopher P. Butler |
| Georgia Bar No. 940372 | Georgia Bar No. 099522 |
| 1100 Peachtree Street, Suite 500 | 271 17th Street N.W., Suite 1900 |
| Atlanta, Georgia 30309 | Atlanta, Georgia 30363 |
| (404) 214-0120 | (404) 888-3800 |
| (404) 214-0125 facsimile | (404) 888-3863 |
| lbrown@bf-llp.com | cbutler@fordharrison.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
| | *with express permission |

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNELL COLEMAN,            ) | |
| ) | Civil Action No. |
| Plaintiff,            ) | |
| ) | 1:12-CV-02008-WBH |
| v.            ) | |
| ) | JURY TRIAL DEMANDED |
| BRONNER BROS., INC.,            ) | |
| ) | |
| Defendant.            ) | |
| _____ ) | |

## ORDER APPROVING SETTLEMENT AGREEMENT AND JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Having considered the Parties' Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal with Prejudice in the above-referenced action, and after reviewing all documents related to the settlement of this matter and being fully advised, this Court find that all matters in controversy and dispute between the Plaintiff and Defendant have been fully settled.  Therefore, it is:

**ORDERED AND ADJUDGED** that the Joint Motion for Approval of Settlement is **GRANTED** and this matter is hereby **DISMISSED** with prejudice.

**SO ORDERED**, this \_\_\_\_ day of July, 2014.

_____
THE HONORABLE WILLIS B. HUNT, JR.
JUDGE, UNITED STATES DISTRICT COURT

## **CERTIFICATION PURSUANT TO L.R. 7.1D**

I hereby certify that the foregoing *Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal with Prejudice* was prepared in conformance with the font and point selections approved by the Court in Local Rule 5.1.

                                              s/Elizabeth L. Brown_____
                                              *Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LYNELL COLEMAN, ) | |
| ) | Civil Action No. |
|   Plaintiff, ) | |
| ) | 1:12-CV-02008-WBH |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BRONNER BROS., INC., ) | |
| ) | |
|   Defendant. ) | |
| _____ ) | |

## **CERTIFICATE OF SERVICE**

    This is to certify that I have this day electronically filed this ***Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal with Prejudice*** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filling to all attorneys of record:

Christopher P. Butler, *Esq*.
Sara K. Sahni, *Esq*.
Ford & Harrison LLP
271 17th Street, NW, Suite 1900
Atlanta, Georgia 30363

Respectfully submitted this 14th day of July, 2014.

                                            **BARRETT & FARAHANY, LLP**

                                            s/Elizabeth L. Brown
                                            Elizabeth L. Brown
                                            Georgia Bar No. 940372